UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil File No.:12-CV-824 (PJS/TNL)

| WILLIAM DEMONE WALKER | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | AMENDED COMPLAINT AND JURY DEMAND |
| LUCAS PETERSON individually, and in his official capacity; RICARDO MURO, individually and in his official capacity; **TIM DOLAN,** the City of Minneapolis Chief of Police, individually and in his official capacity and the **CITY OF MINNEAPOLIS** | ) | |
| Defendants. | ) | |

**TO:** Defendants above-named and their respective attorneys. This is an action for damages brought pursuant to 42 U.S.C. §§1983, First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The Plaintiff also brings Minnesota common law claims.

## PARTIES

1. William Demone Walker ("Plaintiff Walker") is a resident of the City of Minneapolis.

2. Defendant City of Minneapolis ("Defendant City") is a municipality in the state of Minnesota.

3. Lucas Peterson ("Defendant Peterson") in May 2011 was employed as a police officer with Defendant City.

4. Defendant Tim Dolan ("Defendant Dolan") is the Police Chief for the City of Minneapolis.

5. Ricardo Muro ("Defendant Muro") was employed as a police officer with Defendant City.

1

6. All acts alleged occurred while Defendants Peterson, Ricardo Muro and Tim Dolan were employed by Defendant City.

**JURISDICTIONAL STATEMENT**

7. The acts complained of all occurred in this judicial district. This is an action for damages brought pursuant to 42 U.S.C. §§1983, 1988, First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

8. Plaintiff Walker also brings Minnesota common law claims. This Court has jurisdiction of the Federal questions subject to 28 U.S.C. §1331 and also supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

**GENERAL BACKGROUND**

9. In May 19, 2011, Plaintiff Walker was the victim of excessive force at the hands of Defendants Peterson and Muro.

10. Defendants kicked and struck Plaintiff Walker in the back of his head. While Plaintiff Walker was lying face down on the floor, Defendants "stomped" their feet on Plaintiff Walker's head causing injuries.

11. Defendants landed over four blows on Plaintiff Walker's head causing him to lose consciousness for some time.

12. Realizing that Plaintiff Walker was unconscious, Defendants screamed at Plaintiff Walker to "wake up."

13. Plaintiff Walker needs surgery to repair jaw injuries caused by Defendants' assault.

14. Despite bleeding and visible signs of injuries, Defendants refused Plaintiff Walker medical attention.

15. As a direct and proximate result of Defendants' actions, Plaintiff Walker suffered the following injuries and damages:

   a. Violation of his constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution to be free from an unreasonable search and seizure of Plaintiff Walker;

   b. Denial of medical assistance;

   c. Loss of Plaintiff Walker's physical liberty;

   d. Physical pain, suffering and emotional trauma, requiring expenditure of money for treatment.

16. Defendants' actions violate the following clearly established and well-settled Federal Constitutional rights of Plaintiff Walker:

   a. Freedom from the unreasonable seizure of Plaintiff Walker's person;

   b. Freedom from the use of excessive, unreasonable and unjustified force against Plaintiff Walker's person;

   c. Freedom from denial of medical services to Plaintiff Walker;

   d. Freedom from false arrest;

   e. Freedom from illegal imprisonment;

### FIRST CAUSE OF ACTION
#### 42 U.S.C. § 1983 Against Individual Defendants

17. Paragraphs 1 through 17 are incorporated herein by reference as though fully set forth:

18. Plaintiff Walker claims damages for his injuries set forth above under 42 U.S.C. § 1983 against Defendants Peterson and Muro for the violation of his constitutional rights under color of law.

3

19. As a result of the excessive force by Defendants Peterson and Muro, Plaintiff Walker suffered damages aforesaid;

## SECOND CAUSE OF ACTION

### Assault and Battery Against Individual Defendants

20. Paragraphs 1 through 20 are incorporated herein by reference as though fully set forth.
21. Defendants Peterson and Muro assaulted and battered Plaintiff Walker.
22. As a result of the assault and battery by Defendants Peterson and Muro, Plaintiff Walker suffered damages aforesaid;

## THIRD CAUSE OF ACTION

### False Arrest and Illegal Imprisonment Against Individual Defendants

23. Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.
24. Defendants Peterson and Muro illegally arrested and imprisoned Plaintiff Walker.
25. As a result of the illegal arrest and illegal imprisonment, Plaintiff Walker suffered damages as aforesaid.

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress Against Individual Defendants

26. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.
27. Defendants Peterson and Muro intentionally caused Plaintiff Walker emotional distress by falsely arresting, illegally imprisoning, beating and abusing him. Defendants intentionally caused emotional distress upon Plaintiff Walker by preventing him from seeking medical attention. As a result of the aforesaid acts of the Defendants, Plaintiff Walker suffered damages as aforesaid.

## FIFTH CAUSE OF ACTION

### Denial of Medical Attention Against Individual Defendants

28. Paragraphs 1 through 28 are incorporated herein by reference as though fully set forth.
29. Defendants Peterson and Muro denied Plaintiff Walker medical treatment.

30. As a result of the denial of medical attention, Plaintiff Walker suffered damages as aforesaid.

## SIXTH CAUSE OF ACTION

### Negligence Against Defendant Dolan and Defendant City

31. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

32. Defendants Dolan and City owed a duty to Plaintiff Walker to take reasonable care in hiring, supervising, training and retraining Defendants Peterson and Muro.

33. Defendants Dolan and City breached their duty of hiring, retraining, and properly supervising and training Defendants Peterson and Muro.

34. Defendants Dolan and City knew, or should have known of Defendants officers' history of committing unconstitutional misconduct, including assault, battery and unreasonable force and false arrest.

35. Because of said negligence of Defendants Dolan and City, Plaintiff Walker has suffered and continues to suffer damages, including, but not limited to emotional distress, pain and suffering. Plaintiff Walker has also suffered pecuniary loss.

## SEVENTH CAUSE OF ACTION

### 42 U.S.C. §1983 Against the City of Minneapolis

36. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

37. Prior to May 2011, the City of Minneapolis developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Minneapolis which caused the violation of Plaintiff Walker's rights.

38. It was the policy and or custom of the City of Minneapolis to inadequately and improperly investigate citizens' complaints of officers' misconduct. Acts of misconduct were instead tolerated by the City of Minneapolis, including, but not limited to the incident mentioned above.

39. It was the policy and or custom of the City of Minneapolis to inadequately supervise and train its officers, including Defendant officers above-named, thereby failing to adequately discourage further constitutional violation on the part of its officers. The City of Minneapolis does not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct.

40. As a result of the above described policies and customs, officers of the City of Minneapolis, including Defendants Peterson and Muro, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

41. The above described policies and customs demonstrated a deliberate indifference on the part of the policy makers of the City of Minneapolis to the constitutional rights of persons within the City, and were the cause of the violation of Plaintiff Walker's rights alleged herein.

### EIGHTH CAUSE OF ACTION

**Punitive Damages Against Individual Defendants**

42. Paragraphs 1 through 42 are incorporated herein by reference as though fully set forth.

43. Plaintiff Walker claims damages for his injuries set forth above under 42 U.S.C.§§1983 against Defendants Peterson and Muro for their actions which give rise to Punitive Damages.

44. Under the punitive damages law, the Defendants Peterson and Muro are liable for their conduct against Plaintiff Walker. The conduct exhibited by the officers showed a reckless disregard or callous indifference to citizens' State and Federally protected rights.

45. As a direct and proximate result of Defendants Peterson and Muro's conduct, Plaintiff Walker has suffered the following, including, but not limited to, physical injury, emotional distress, pain and suffering.

**WHEREFORE,** Plaintiff Walker requests this Court:

A.	That Defendants be jointly and severally liable to Plaintiff Walker for damages in excess of Seventy Five Thousand Dollars ($75,000.00) as allowed by appropriate laws and statutes;

B.	Award compensatory damages to Plaintiff Walker against Defendants, jointly and severally in excess of Seventy Five Thousand Dollars ($75,000.00);

C.	Award cost of this action to Plaintiff Walker;

D.	Award reasonable attorney's fees and cost to Plaintiff Walker;

E.	Award punitive damages to Plaintiff Walker against Defendants Peterson and Muro;

F.	Award such other and further relief, as this Court may deem appropriate.

**Plaintiff Walker hereby demands a jury trial.**

Date: August 14, 2012						**UDOIBOK, TUPA & HUSSEY, PLLP**

/s/ Kenneth U. Udoibok
Kenneth U. Udoibok #026252
The Grain Exchange Building
400 South Fourth Street, Suite 310
Minneapolis, MN 55415
612-808-6031 (voice)
612-843-1176 ( fax)
Kudoibok@uthlaw.com

**ATTORNEY FOR THE PLAINTIFF**