UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM DEMONE WALKER,<br><br>Plaintiff,<br><br>v.<br><br>LUCAS PETERSON, individually and in his official capacity; TIM DOLAN, the City of Minneapolis Chief of Police, individually and in his official capacity; CITY OF MINNEAPOLIS; and RICARDO MURO, individually and in his official capacity,<br><br>Defendants. | Case No. 12-CV-0824 (PJS/TNL)<br><br>ORDER |

Kenneth U. Udoibok, UDOIBOK, TUPA & HUSSEY PLLP, for plaintiff.

Tracey N. Fussy, MINNEAPOLIS CITY ATTORNEY'S OFFICE, for defendants.

In an eight-count amended complaint, plaintiff William Demone Walker raises claims of excessive force, assault, battery, false arrest and illegal imprisonment, intentional infliction of emotional distress, and deliberate indifference to medical needs against defendants Ricardo Muro and Lucas Peterson; a negligence claim against defendants Tim Dolan and the City of Minneapolis; and a failure-to-supervise claim against the City of Minneapolis. ECF No. 15. This matter is before the Court on defendants' motion for partial summary judgment. ECF No. 22. In that motion, defendants seek summary judgment on each of Walker's claims except the battery and excessive-force claims brought against Muro. ECF No. 24. In response, Walker has voluntarily waived all claims brought against Peterson, Dolan, and the City of Minneapolis, *see* ECF No. 27 at 15, leaving Muro as the only remaining defendant in this case.

On July 1, 2013, the Court conducted a hearing on the claims for which Muro has moved for summary judgment.[1] The parties are familiar with the facts of this case, so they will not be recounted here.

*A. Deliberate Indifference to Medical Needs*

Walker contends that, after he suffered injuries due to Muro's alleged use of excessive force, Muro refused his requests to receive medical attention. Although the standards governing claims of deliberate indifference to medical needs are fuzzy in some respects, the Eighth Circuit has made clear that plaintiffs alleging deliberate indifference "'must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment . . . .'" *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005) (quoting *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)). *See also Johnson v. Adams*, 452 Fed. Appx. 708, 709 (8th Cir. 2012) (per curiam) (noting that there is "little practical difference" in analysis whether deliberate-indifference claim is brought by pretrial detainee under the Fourteenth Amendment or a prisoner under the Eighth Amendment). A plaintiff who offers "no evidence establishing that any delay in treatment had a detrimental effect . . . fail[s] to raise a genuine issue of fact on an essential element of his claim." *Laughlin*, 430 F.3d at 929. *See also Washington v. City of University City*, 500 Fed. Appx. 558, 559 (8th Cir. 2013) (per curiam) (citing *Laughlin*); *Washington v. Symmes*, 297 Fed. Appx. 549, 550 (8th Cir. 2008) (per curiam) (same).

Simply put, there is no verifying medical evidence in the record showing that Walker's injuries — a cut on his chin, a bruised back, and a broken cheek bone — were exacerbated in any

---

[1] Defendants also moved for summary judgment on the issue of negligent infliction of emotional distress. Walker did not plead such a claim, however, and he confirmed at the summary-judgment hearing that he is not bringing such a claim.

way by Muro's alleged indifference to his medical needs. Moreover, it is highly unlikely that any such evidence could be introduced in this case. Police were on the scene for only a few hours, *see* Walker Dep. 45:8 [ECF No. 25-1 at 46], and Muro was at the scene for about 30 minutes. Thus the police generally — and Muro specifically — could not have delayed treatment of Walker's injuries for very long (and Walker in fact went to a hospital and received treatment on the same day that he was injured, *id*. at 46:3-5). Moreover, Walker opted to forgo treatment for the most serious of his injuries — the broken cheek bone — for almost a year and a half, *id*. at 57:17-20, belying any possible contention that a failure to receive *immediate* treatment for that injury was to his detriment.

Without evidence that the delay in treatment had any detrimental effect on any of his injuries, Walker cannot succeed on his deliberate-indifference claim. That claim is therefore dismissed.

### B. False Arrest and Illegal Imprisonment

Walker also alleges that he was detained and handcuffed (and therefore falsely arrested and illegally imprisoned) by Muro during the search of the residence. Walker's claim, however, is directly foreclosed by *Michigan v. Summers*, in which the Supreme Court held that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." 452 U.S. 692, 705 (1981). "An officer's authority to detain incident to a search is categorical; it does not depend on the 'quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure.'" *Muehler v. Mena*, 544 U.S. 93, 98 (2005) (quoting *Summers*, 452 U.S. at 705 n.19).

Walker does not contend that the police lacked probable cause to search the residence, or that the search warrant was otherwise invalid. Moreover, even assuming that Muro was responsible for handcuffing and detaining Walker (an assumption that is not well supported by the record), Walker conceded at the summary-judgment hearing that Muro was at the scene for approximately 30 minutes. Thus, at most, Muro personally could have been responsible for detaining Walker during only the first half hour of the search of the residence. A detention of that length would have been eminently reasonable given the circumstances. Muro was a member of a SWAT team that had been called in to secure the residence because law-enforcement officers had probable cause to believe that guns (including an assault rifle) and drugs would be found at the residence. Thus, the potential for danger — and the need to detain all occupants — was very high throughout the duration of the search. *See Muehler*, 544 U.S. at 100-02 (finding that a 2- to 3-hour detention in handcuffs during a search was reasonable under similar circumstances). In light of *Summers* and its progeny, Walker's claims of illegal arrest and false imprisonment are dismissed.

### C. Assault and Intentional Infliction of Emotional Distress

As explained above, Muro has not moved for summary judgment on Walker's battery or excessive-force claims. Walker conceded at the summary-judgment hearing that his claims of assault and intentional infliction of emotional distress are entirely redundant with those surviving claims. He therefore agreed to dismiss his claims of assault and intentional infliction of emotional distress. Accordingly, those claims are dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motion for partial summary judgment [ECF No. 22] is GRANTED.

2. Count 1 of the amended complaint [ECF No. 15] is DISMISSED WITH PREJUDICE AND ON THE MERITS except as to the excessive-force claim against defendant Ricardo Muro.

3. Count 2 of the amended complaint is DISMISSED WITH PREJUDICE AND ON THE MERITS except as to the battery claim against Muro.

4. Counts 3 through 7 of the amended complaint are DISMISSED WITH PREJUDICE AND ON THE MERITS.

Dated: July 3, 2013      s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge